UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RAMAR DANIELS,　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Petitioner,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　v.　　　　　　　　　　　）　　No. 1:16-cv-03537-JMS-DML
　　　　　　　　　　　　　　　　　）
WENDY KNIGHT,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　Respondent.　　　　　　　）

**Entry and Order Dismissing Action**

Ramar Daniels seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. CIC 16-09-0008. In the course of this action, the Indiana Department of Correction ("IDOC") reviewed the disciplinary case and decided to dismiss the guilty verdict and rescind the sanctions including the loss of earned credit time loss. The respondent argues that because the conviction and custodial sanctions challenged in this case have been vacated and completely dismissed, this action is now moot and must be dismissed. Daniels opposes the motion to dismiss arguing that he is still in segregation on the charges at issue, that the final reviewing authority was not permitted by policy to hold a rehearing, that the rehearing will affect his possible release date and that the evidence at the rehearing was inconsistent with the evidence in the hearing at issue in this case.

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.")(quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S.

305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies").

Here, it is undisputed that the disciplinary sanctions at issue in Case No. CIC 16-09-0008 were vacated. There is therefore no case or controversy to resolve in this challenge to that disciplinary proceeding and this action is moot. The fact that Daniels remained in segregation pursuant to that disciplinary action does not change this result because a sanction which does not affect the *duration* of a petitioner's custody cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Next, whether or not the rehearing of these charges violated IDOC policy does not change the fact that the action was rendered moot when the custodial sanctions were vacated. In addition, violations of state law of prison policy due not violate due process. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). Further, an agency, such as the IDOC, has inherent authority to reconsider its decisions. *See Powell v. Leonard*, No. 2:09-cv-292-WTL-TAB, 2009 WL 4639796, at *2 (S.D. Ind. Dec. 1, 2009) (rejecting prisoner's complaint that the IDOC could not order a rehearing after prisoner had filed a habeas petition) (citing *Macktal v. Chao,* 286 F.3d 822, 825 (5th Cir. 2002));

Daniels also argues that the rehearing has extended the time he must be conduct-free before getting into a program in which he might earn additional credit time. But an Indiana prisoner does not have a liberty interest in credit that he might earn in the future but has not yet earned. *See Zimmerman v. Tribble*, 226 F.3d 568, 571-72 (7th Cir. 2000); *Higgason v. Farley*, 83

F.3d 807, 809–10 (7th Cir. 1996) (per curiam); *see also Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003) (per curiam) (explaining that inmate had no liberty interest in prospective credit that was within the discretionary control of prison officials).

Finally Daniels's challenges to the adequacy of the proceeding on rehearing must be brought in his administrative appeals from those new proceedings and, if applicable, in a new habeas petition filed after he exhausts his administrative appeals on those proceedings. *See, e.g.*, *Markham v. Clark*, 978 F.2d 993, 995–96 (7th Cir. 1992). The disciplinary proceedings that took place on rehearing are separate from the disciplinary action in this case, which remains vacated.

In short, because the custodial disciplinary sanctions at issue in this case were vacated, this action is now moot. The respondent's motion to dismiss Dkt. [10] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/19/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov

RAMAR DANIELS
104542
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064